EDWARD S. HARKNESS, EXECUTOR OF THE ESTATE OF CHARLES W. HARKNESS, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 30, 1919.*

INHERITANCE TAX—*when entitled to a refund.* Where upon appeal from the order of the county judge assessing an inheritance tax the amount of the assessment is reduced claimant is entitled· to a refund of difference between the amount of tax paid under the original order and the amount of tax fixed by the County Court upon the appeal.

INTEREST—*Section 10, Inheritance Tax Law.* No interest can be allowed on refund under Section 10, of Inheritance Tax Law.

SECTION 10, AND SECTION 25, INHERITANCE TAX LAW—*construed.* Section 10, and Section 25 of Inheritance Tax Law are not *Pari Materia* and the refund of tax mentioned in Section 25 cannot be construed so as to justify an allowance of interest on refund under Section 10.

Edward J. Brundage, Attorney General, for State.

The facts in this case as disclosed by the evidence are as follows: On the first day of May, A. D. 1916, Charles W. Harkness died testate, a resident of New York, and letters testamentary were issued to Edward S. Harkness, the Complainant, in New York, October 15, A. D. 1916, an appraisement was made of the property of decedent and filed in County Court in Cook County, and the County Judge entered an order thereon assessing an inheritance tax in said estate, due to the State of Illinois, the sum of fifty-four thousand two hundred thirty-two and 66/100 dollars ($54,232.66), the property upon which sum was assessed was valued at two million seven hundred eleven thousand six hundred thirty-three and 07/100 dollars ($2,711,633.07).

An appeal in due time was presented to the County Court of said county, and by order of County Court on hearing on such appeal, the amount was reduced to five hundred seventeen thousand six hundred twenty-four and 50/100 dollars ($517,624.50), and the entire tax to be paid therein was found to be ten thousand three hundred fifty-two and 50/100 dollars ($10,352.50). No appeal was ever presented from such decision.

The original amount of fifty-one thousand five hundred twenty-one and 03/100 dollars ($51,521.03) was paid by claimant before the appeal was taken under this modification, claimant was liable for the payment of only nine thousand eight hundred thirty-four and 87/100 dollars ($9,834.87), which, taken from fifty-one thousand five hundred twenty-one and 03/100 dollars ($51,521.03), leaves forty-one thousand six hundred eighty-six and 16/100 dollars ($41,686.16), due on refund to

claimant. Claimant made demand upon the county treasurer and State Treasurer for a refund of same and was refused. He, therefore, files claim herein for said over-payment, and for interest paid on the taxes so erroneously paid.

The claim is made for refund for taxes erroneously made under Section Ten. The provision in Section Twenty-five of the Inheritance Tax Law for three per cent interest does not apply to refund under Section Ten, of the same law. *Hess* v. *State,* 2 Ct. 1 Rep. 321-322. *William* v. *State,* 2 Ct. 1 Rep. 346-347.

The two sections mentioned relate to different kinds of refunds and the two sections are not *pari materia* to the extent that the provision for interest in Section Twenty-five can be applied to Section Ten in our opinion. Interest will be disallowed.

The State admits its liability herein as expressed by the Attorney General in writing herein, and it is, therefore, ordered that claimant have refund of forty-one thousand six hundred eighty-six and 16/100 dollars ($41,686.16).